# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CURTIS ANGSTADT, | |
| Petitioner, | NO. 1:17-cv-147 |
| v. | (JUDGE CAPUTO) |
| SUPERINTENDENT DELBALSO, et al., | |
| Respondents. | |

## **MEMORANDUM**

Presently before me is Petitioner Michael Curtis Angstadt's Amended Petition for Writ of Habeas Corpus. (Doc. 20.) For the reasons stated below, the Petition will be denied.

## I. Background

The relevant factual background is as follows. On May 17, 2011, a grand jury recommended Angstadt be charged with violating the Controlled Substance, Drug, Device and Cosmetic Act ("the Act"), 35 P.S. § 780-113(a)(30), and related inchoate crimes. *Id.* at ¶ 3. A criminal complaint was filed. *Id.* at ¶ 4. On July 22, 2011, the Attorney General filed Information No. CR-224-2011 containing the same counts as those set forth in the criminal complaint. *Id.* at ¶ 6. The Court appointed trial counsel to represent Angstadt. *Id.* at ¶ 8. On August 17, 2011, the grand jury recommended additional charges. *Id.* at ¶ 10. The Attorney General filed corresponding Information No. CR-404-2011, and the two cases were consolidated. *Id.* at ¶ 16. On June 7, 2012, Angstadt appeared before Judge Sholley and entered a guilty plea to counts 1, 2, 3, and 4 of Information No. CR-404-2011. *Id.* at ¶ 17.

Prior to entering the guilty plea, trial counsel advised Angstadt that each of the counts was a felony with a maximum penalty of 15 years' imprisonment and/or a $250,000 fine, amounting to a maximum confinement of 60 years and/or a fine of 1 million dollars. *Id.* at ¶ 18. The plea agreement provided (1) the minimum sentence would not exceed nine years; (2) Angstadt would be eligible for reduced time under the Recidivism Risk Reduction

Incentive ("RRRI"); (3) the Commonwealth would "nol pros all remaining Counts;" and (4) if Angstadt attempted to withdraw his guilty plea prior to sentencing the Commonwealth would suffer substantial prejudice. *Id.* at ¶ 19; Doc. 20, Ex. A.

On August 21, 2012, Angstadt appeared before Judge Sholley for sentencing, represented by trial counsel. (Doc. 20 at ¶ 20.) At that time, it was determined (1) he was not RRRI eligible, and (2) the maximum penalty for each of the offenses was in fact 40 years' imprisonment and a $400,000 fine. *Id.*; Doc. 25-14 at 3:6-23. During the sentencing hearing, the Deputy Attorney General stated that the maximum penalty would "actually be on each of the counts ten years and $100,000 fine," and Judge Sholley stated the maximum penalty would be "ten to one hundred years." (Doc. 20 at ¶ 22.) The parties agreed that Angstadt's aggregate minimum sentence would be seven years, and that the fines and maximum sentence would be in the Court's discretion. (Doc. 25-14 at 4:22-5:6.) Through a colloquy, Angstadt stated he had been present while both counsel had discussed and corrected the errors with Judge Sholley, that he completely understood what was going on, and that he was in agreement with the modifications. *Id.* at 5:13-23. Judge Sholley then sentenced Angstadt to a total period of confinement of not less than seven years or more than 30 years. (Doc. 20 at ¶ 25.) Angstadt is currently serving this sentence. *Id.* No appeal was timely filed.

On August 28, 2013, Angstadt filed a timely pro se petition for post-conviction collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"). (Doc. 20 at ¶ 27.) On October 29, 2014, Angstadt, represented by his current counsel, filed a Second Amended Motion for Post-Conviction Collateral Relief. *Id.* at ¶ 35. On April 9, 2015, an evidentiary hearing on the Motion was held before Judge Sholley. *Id.* at ¶ 36.

On November 13, 2015, Judge Sholley entered an order denying the Motion. (Doc. 20, Ex. A.) In the Opinion, Judge Sholley stated he found Angstadt's claim that he would not have entered a plea agreement but for the errors in stating his maximum sentence "patently false," given the colloquy Judge Sholley engaged in with Angstadt prior to sentencing. *Id.* In addition, Judge Sholley noted the Plea Agreement was "significantly

generous in that the Commonwealth agreed to dismiss one (1) entire Information which could have exposed [Angstadt] to another period of incarceration in excess of" 50 years. *Id.*

On November 8, 2016, the Pennsylvania Superior Court affirmed. (Doc. 20 at ¶¶ 37-38; Doc. 20, Ex. B.) The Supreme Court of Pennsylvania denied Angstadt's Petition for Allowance of Appeal on April 19, 2017. (Doc. 20 at ¶ 39.)

On January 23, 2017, Angstadt timely filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his convictions. *Id.* at ¶ 40. In the Amended Petition filed by Angstadt's current counsel, Angstadt argues he is entitled to federal habeas relief because the underlying state court merits decision is contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *Id.* at ¶ 48. Angstadt further submits that his prior counsel's erroneous advice induced him to enter his guilty plea when he otherwise would have gone to trial, depriving him of his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution. *Id.* at ¶ 42. Angstadt asks that he be allowed to withdraw his guilty plea and that his conviction be set aside. *Id.* at ¶ 49.

## II. Discussion

### A. Exhaustion

A federal habeas corpus petitioner must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007). While there is some question whether Angstadt has fully exhausted his state court remedies, Respondents expressly waive the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(3).

### B. The Pennsylvania Courts' Application of Clearly Established Federal Law

My review of the Pennsylvania Courts' rulings is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254; *Vazquez v. Wilson*, 550 F.3d 270, 276 (3d Cir. 2008). AEDPA provides, in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication[] resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as

determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d). A federal court reviews the "last reasoned decision" of the state courts under Section 2254. *Hittson v. Chatman*, 135 S.Ct. 2126, 2127 (2015). State court factual findings are presumed correct, and a petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). AEDPA "preserves the authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no further."*Harrington v. Richter*, 562 U.S. 86, 102 (2011)."If this standard is difficult to meet, that is because it was meant to be." *Id.*

Angstadt does not contest the Pennsylvania courts' factual findings, but contends their rejection of his claims was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, because the courts failed to apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and *Lee v. United States*, __ U.S. __, 137 S.Ct. 1958 (2017). However, the Pennsylvania Superior Court, which issued the last reasoned opinion in this matter, applied the standard for evaluating ineffective assistance of counsel claims set forth in *Commonwealth v. Pierce*, in which the Pennsylvania Supreme Court expressly held that its standard for ineffectiveness claims is the same as the standard set forth in *Strickland*. *See generally* 527 A.2d 973 (Pa. 1987). Angstadt fails to demonstrate that the Superior Court's application of an identical state standard was contrary to, or an unreasonable application of, the *Strickland* standard.

*Lee* was decided on June 23, 2017, over seven months after the Superior Court issued its opinion, and just under two months after the Pennsylvania Supreme Court denied Angstadt's petition for allowance of appeal. New constitutional rules of criminal procedure are generally not retroactive for purposes of collateral review, unless a new rule is a watershed procedural rule or a substantive rule of constitutional law. *Montgomery v. Louisiana*, 136 S.Ct. 718, 728 (2016)(citing *Teague v. Lane*, 489 U.S. 288 (1989)). Substantive constitutional rules include "rules forbidding criminal punishment of certain

4

primary conduct, as well as rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Id.* at 729 (internal quotations omitted). *Lee* held that counsel's erroneous advice as to the deportation consequences of a defendant's guilty plea prejudiced the defendant and amounted to ineffective assistance. Because this is not a procedural rule, and does not amount to a substantive constitutional rule under the standard described in *Montgomery*, *Lee's* holding does not apply retroactively. *Accord. United States v. Mathieu*, No. 09-CR-391, 2018 WL 1453197, at *1 (E.D.La. March 23, 2018). Therefore, the Pennsylvania courts' decisions did not unreasonably apply or contradict federal law, and Angstadt's Petition may not be granted under AEDPA.

**IV. Conclusion**

For the above stated reasons, Angstadt's Amended Petition for Writ of Habeas Corpus will be denied.

An appropriate order follows.

August 14, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge